IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| LAMAR COLLINS and ROSE COLLINS,<br>    *Plaintiffs,*<br><br>v.<br><br>ROBINSON INDEPENDENT SCHOOL DISTRICT,<br>    *Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | W-21-CV-00657-ADA-DTG |

### REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

**TO:** **THE HONORABLE ALAN D ALBRIGHT,**
      **UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 13, hereinafter the "Motion"), Plaintiff's Opposition to the Motion to Dismiss (ECF No. 14), and Defendant's Reply (ECF No. 15). The Court heard oral argument on this matter on May 20, 2022. For the following reasons, the Court **RECOMMENDS** Defendant's Motion be **DENIED.**

      **I.**      **NATURE AND STAGE OF PROCEEDING**

On June 3, 2021, Plaintiffs filed suit in state court in Cause No. 2021-1636-5; *Dr. Lamar Collins and Rose Collins v. Robinson Independent School District* in the 414th District Court of McLennan County, Texas. (Docket Entry ("DE") 1-1, pp. 6-14). Defendant timely filed its Notice

of Removal on June 24, 2021, and the case was removed to federal court that same day based on federal question jurisdiction. (DE 1). Defendant filed its first Motion to Dismiss on July 1, 2021. (DE 3). Plaintiffs filed their First Amended Complaint on August 16, 2021. (DE 12). Defendant filed the current First Amended Motion to Dismiss on August 30, 2021. (DE 13).

## II. MOTION TO DISMISS STANDARD

To survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of a cause of action's elements." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although the facts stated in the complaint need not be detailed, they must be sufficient "to state a claim to relief that is plausible on its face" and must "raise a right to relief above the speculative level." *Id.* at 555, 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Comm'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *see also Plotkin v. IP Axess Inc.,* 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

## III. DISCUSSION

**A. Plaintiffs sufficiently plead a plausible claim for race discrimination.**

Defendant first argued that Plaintiffs failed to make a plausible claim for race discrimination. (ECF No. 13 4-8). The Court recommends Defendant's Motion be denied because Plaintiffs allege sufficient facts to support a *prima facie* claim for race discrimination. While a prima facie case is not necessary to defeat a motion to dismiss, facts sufficient to establish a prima facie case necessarily do. *See, e.g., Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510 (2002) ("the

prima facie case . . . is an evidentiary standard, not a pleading requirement."); *Cicalese v. Univ. of Texas Medical Branch*, 924 F.3d 762, 767 (5th Cir. 2019) ("[A] court errs by requiring a plaintiff to plead something more than the ultimate elements of a claim.").

      To state a *prima facie* case for race discrimination, a plaintiff must show that (i) he/she is a member of a protected class; (ii) he/she is qualified for the position; (iii) an adverse employment action occurred; and (iv) he/she was replaced by someone outside the protected group or was treated less favorably than other similarly situated employees outside the protected group. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *see also McCoy v. City of Shreveport,* 492 F.3d 551, 556 (5th Cir. 2007). To survive a motion to dismiss, a plaintiff must "allege enough facts to plausibly suggest that her employer discriminated against her due to her membership in a protected group." *Roberts v. Lubrizol Corp.*, No. CV 4:12–3272, 2013 WL 12099843, at *5 (S.D. Tex. June 28, 2013) (Gilmore, J.) (emphasis added); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009); *Twombly*, 550 U.S. at 555.

      Defendant argued that, with respect to both plaintiffs, they failed to plead facts showing their complained-of employment actions—the termination of Rose Collins's employment and Dr. Collins's reassignment—were because of their race, and accordingly they fail to meet the standard to survive dismissal. However, with regard to Dr. Collins, the Amended Complaint alleges that he is African-American; was qualified to be a high school principal; was reassigned to a position paying $20,000 less than his previous position and was threatened with a negative reference from Michael Hope, the Superintendent; and was replaced by a non-African American. With regard to Rose Collins, the Amended Complaint alleges that she is African-American, was indefinitely banned from RISD property and terminated from employment, and treated less favorably than other similarly-situated employees because the District believed the account of a colleague

involved in a verbal altercation leading to Ms. Collins' termination, initial banning from Robinson High School, and subsequent banning from all Robinson ISD campuses, and that colleague was white. Additionally, no other white employee at Robinson ISD had received a district-wide ban without reason or explanation. Accordingly, with respect to both plaintiffs, the Court believes they have alleged sufficient facts to make a *prima facie* case for racial discrimination. Therefore, the Court recommends Defendant's Motion be denied as to Plaintiffs' race discrimination claims.

**B.     Plaintiffs sufficiently plead a plausible claim for retaliation.**

Defendant next argues that Plaintiffs failed to allege sufficient facts to support a claim for retaliation. (ECF No. 13 at 8-9). The Court recommends Defendant's Motion be denied as to this claim as Plaintiffs pled sufficient facts to support a *prima facie* case of retaliation. Again, a plaintiff is not required to plead a prima facie case, but allegations that would establish a *prima* facie case defeats a motion to dismiss. *Swierkiewicz,* 534 U.S. at 510.

A plaintiff alleging a *prima facie* case for retaliation must show that "(1) she engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action." *Gorman v. Verizon Wireless Tex., LLC.*, 753 F.3d 165, 170 (5th Cir. 2014*); see also Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015). "The key question is whether the challenged action is materially adverse in that it is harmful to the point that it could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 945-46 (5th Cir. 2015) (internal quotations and alterations omitted).

Defendant notes that the only activity Plaintiffs claim as protected activity was Ms. Collins asking Mr. VanCleave if she and Dr. Collins were being disciplined because of their race. Defendant argues that by plain meaning, an inquiry about discrimination cannot be a report of

discrimination, and so argues Plaintiffs' retaliation claim should be dismissed for a failure to identify protected activity Defendant subsequently retaliated against. At the hearing on this motion to dismiss, Plaintiffs confirmed that at this time this is the only protected activity on which they base their retaliation claim. Specifically, Plaintiffs' Amended Complaint alleges that Ms. Collins asked Mr. VanCleave, "Is it because we are black?" with the intent of raising the question of whether their treatment was improperly related to their race. While Plaintiffs and Defendant cite case law related to whether a question such as this is sufficient to be a complaint of discrimination, there are no in-circuit cases directly on point. Instead, both parties argue by analogy and similar reasoning using Supreme Court, Texas state law, and out-of-circuit-cases. *See, e.g., Crawford v. Metropolitan Gov't of Nashville & Davidson Cnty, Tenn.*, 555 U.S. 271, 277-78 (2009) (holding that provoking discussion and answering questions may be protected activity); *Tex. Dep't of Assistive & Rehab. Srvcs. v. Howard*, 182 S.W.3d 393, 400 (Tex. App.—Austin 2005, pet. denied) (holding that a whistleblower sufficiently engaged in protected activity by asking whether something was illegal); *Casna v. City of Loves Park*, 574 F.3d 420, 427 (7th Cir. 2009) (holding that asking whether something is discriminatory is protected activity). Given the unclear caselaw on this matter, the Court believes that dismissal is not appropriate at this juncture, and the Court recommends that Defendant's Motion be denied as to those claims.

**C.    Plaintiffs have pled sufficient facts to maintain claims under Section 1981.**

For the reasons stated above, Plaintiffs' Amended Complaint alleges sufficient facts to state plausible claims under §1981 for race discrimination and retaliation, and so the Court recommends that Defendant's Motion be denied as to those claims as well.

**D.    Defendant withdrew its argument related to the timeliness of filing.**

Defendant indicated at the hearing that it will reserve this matter regarding timeliness for summary judgment or trial. As such, for the Court, this is not an issue for dismissal.

## IV.   CONCLUSION

The Court upon consideration of the motion is of the opinion and finds that it should be denied.

## V.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

Dated: June 6, 2022

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE